[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15808
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00125-KOB-MHH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARES ANTWAN OLIVER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 14, 2013)

Before BARKETT, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Tavares Antwan Oliver appeals his convictions after pleading guilty to two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and 2(a) ("Counts 1 and 3"); two counts of brandishing a firearm during and in relation to a crime of violence, in violation of § 924(c)(1)(A)(ii) ("Counts 2 and 4"); and one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2(a) ("Count 5"). After the district court accepted Oliver's guilty plea, but before he was sentenced, Oliver filed a motion to withdraw his guilty plea. He argued that his guilty plea was not knowing and voluntary and that he did not have close assistance of counsel because his attorney, Robert Tuten, did not tell him that he faced a mandatory minimum sentence of 7 years' imprisonment as to Count 2 and 25 years' imprisonment as to Count 4, and that these sentences had to be served consecutive to each other and to the sentences imposed for the three bank robbery convictions. After conducting an evidentiary hearing, at which both Oliver and Tuten testified, the district court denied Oliver's motion to withdraw his guilty plea.

On appeal, Oliver argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. He also argues that Tuten was ineffective for not advising him about the mandatory minimum sentences he would face for his two convictions for brandishing a firearm.

I.    Motion to Withdraw Guilty Plea

2

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion.  *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006).  We will reverse only if the district court's ultimate conclusion is arbitrary or unreasonable.  *Id.*  After the district court has accepted a defendant's guilty plea, and before sentencing, the defendant may withdraw a guilty plea if: (1) the district court rejects the plea agreement, or (2) "the defendant can show a fair and just reason for requesting the withdrawal."  Fed.R.Crim.P. 11(d)(2)(A)-(B).

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a plea, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea.  *United States v. Buckles*, 843 F.2d 469, 471-74 (11th Cir. 1988).  If an appellant does not satisfy the first two prongs of the *Buckles* analysis, we need not "give particular attention" to the others. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).  There is a strong presumption that statements made during a plea colloquy are true.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).   "The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty

3

plea are issues for the trial court to decide." *Brehm*, 442 F.3d at 1298 (quotation and brackets omitted).

In this case the district court did not abuse its discretion in denying Oliver's motion to withdraw his guilty plea. As to the *Buckles* factor of close assistance of counsel, Tuten testified at the plea withdrawal hearing that he repeatedly had explained the 7-year and 25-year mandatory minimum consecutive sentences to Oliver. Moreover, Oliver stated in his written plea agreement and during the change-of-plea hearing, held pursuant to Federal Rule of Criminal Procedure 11, that he had discussed the plea agreement and penalties he faced with Tuten. In light of this evidence, the district court was entitled to find close assistance of counsel. S*ee Buckles*, 843 F.3d at 472.

As to the second *Buckles* factor, Oliver has also failed to show that his plea was not knowing and voluntary. *See Buckles*, 843 F.3d at 472-74. In addition to the testimony of Tuten, the plea agreement listed the maximum sentences that Oliver would face, as well as the 7-year and 25-year consecutive mandatory minimum sentences for the firearms offenses. Moreover, at the Rule 11 hearing the district court told Oliver that he would face at least a 7-year sentence as to Count 2, and at least a 25-year sentence as to Count 4, and that those sentences had to be served consecutively. The district court asked Oliver if he had any questions

about those penalties he faced, and he responded that he did not.  The district court

further asked Oliver if anything had occurred during the plea hearing causing him

to change his mind about his plea, and Oliver responded no.  There is a strong

presumption that Oliver's statements made during the plea colloquy were true.  *See*

*Medlock*, 12 F.3d at 187.  Here, Oliver acknowledged that he knew the maximum

sentence he could face was life imprisonment, and he was told that any

dissatisfaction with an unexpectedly high sentence would not be grounds for later

setting aside his plea.

Oliver has not shown that the third and fourth *Buckles* factors weigh in his

favor either.  With respect to conserving judicial resources, permitting Oliver to

withdraw his plea would require the district court to hold a trial, which would

expend resources rather than conserve them.  *See Buckles*, 843 F.2d at 474.

Moreover, the government would be prejudiced because of the passage of time and

the fact that Oliver's co-defendants had already been granted substantial assistance

motions and would no longer have any incentive to testify against him.  *Id.*  In light

of the totality of the circumstances, the district court's conclusion that Oliver did

not present a "fair and just reason" for withdrawing his guilty plea was not an

abuse of discretion.

## II.    Ineffective Assistance of Counsel

5

We review ineffective assistance of counsel claims *de novo*. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003). "[I]t is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim." *United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012) (quotation omitted). "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation omitted). However, if the record is sufficiently developed, we will consider such a claim on direct appeal. *Id.*

To sustain a claim for ineffective assistance of counsel, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel's performance is deficient only if it falls below an objective standard of reasonableness under prevailing professional norms. *Id*. at 688, 104 S.Ct. at 2065. To establish prejudice in the context of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct.

6

366, 370, 88 L.Ed.2d 203 (1985).  If the defendant makes an insufficient showing on one prong, we need not address the other prong.  *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

While we usually entertain ineffective assistance of counsel claims on collateral review, the record in the present case is sufficiently developed for our review of Oliver's claim on direct appeal because Oliver raised the issue of his counsel's ineffective assistance in the course of moving to withdraw his guilty plea and the district court held an evidentiary hearing, at which both Oliver and Tuten testified.  At the evidentiary hearing, Oliver testified that Tuten never told him that he faced a mandatory minimum of 32 years' imprisonment, in addition to his sentences for the bank robbery convictions.   Oliver asserted, instead, that Tuten told him he faced a 7-year minimum consecutive sentence on the brandishing a firearm charges, and would only face the 25-year minimum if he were convicted of that offense again.  Tuten, on the other hand, testified that he explained to Oliver several times that he would face at least a 7-year sentence as to Count 2, and at least 25 years as to Count 4, and that these had to be served consecutive to the sentences for the bank robbery counts.  Under the circumstances, the record is sufficiently developed to review Oliver's claim on direct appeal.  *See Franklin*, 694 F.3d at 8.

We need not reach the performance prong of the ineffective assistance of counsel test because here, Oliver's claim fails on the prejudice prong. *See Haley*, 209 F.3d at 1248 (noting that both prongs must be met to prevail on an ineffective assistance of counsel claim). Even if Oliver's allegations that Tuten did not explain the minimum consecutive sentences were true, it is undisputed that the plea agreement and the district court clearly advised Oliver about the 7-year and 25-year mandatory minimum consecutive sentences before he pled guilty. Oliver signed the plea agreement, which stated that as to Counts 2 and 4, he would face at least 7 years' imprisonment on the first conviction, and at least 25 years' imprisonment on the second conviction, and that these sentences had to be served consecutive to any other sentence imposed. At the plea colloquy, the district court advised Oliver before accepting his guilty plea that he would face no less than 7 years' imprisonment as to Count 2, no less than 25 years' imprisonment as to Count 4, and that these sentences had to be served consecutive to any other sentence. Oliver acknowledged he had heard and understood the district court's explanation of the mandatory consecutive sentences. Indeed, he testified that he was "jolted" when the district court said no less than 25 years as to Count 4, but decided not to ask about it. Oliver also admitted that at the time he pled guilty, he knew he could face a maximum of life imprisonment, and there was a possibility that he could receive a sentence higher than he expected. Given all this, Oliver has

8

not shown that but for Tuten's allegedly deficient performance in explaining the mandatory minimum sentences, there is a reasonable probability that he would not have pled guilty, *See Hill*, 474 U.S. at 59, 106 S.Ct. at 370, and thus that Oliver has not shown that Tuten rendered ineffective assistance of counsel.

**AFFIRMED.**