[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12980
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00067-SCB-TGW-1


UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus


PAUL GREGORY WILES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 18, 2014)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Paul Gregory Wiles appeals his convictions after pleading guilty to

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1);

conspiracy to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On appeal, Mr. Wiles raises three issues: an ineffective assistance of counsel claim related to his classification as an armed career criminal; a challenge under Fed. R. Crim. P. 11(b)(3) to the magistrate judge's finding of a sufficient factual basis for his guilty plea to the third count; and a challenge under Fed. R. Crim. P. 11(c)(1) to the magistrate judge's involvement during his plea hearing. We affirm.

## I

After providing notice of his intent to plead guilty, Mr. Wiles consented to having a magistrate judge conduct the change of plea hearing. At that hearing, the magistrate judge read the three counts referenced above, and Mr. Wiles pled guilty to each of them. Mr. Wiles admitted that he was a convicted felon, but, for purposes relevant to sentencing, only admitted to having one prior felony conviction. Mr. Wiles also admitted to possessing and selling methamphetamine, possessing a firearm in furtherance thereof, and selling firearms and methamphetamine together. After the magistrate judge's review and explanation, Mr. Wiles indicated he understood all of the rights he was giving up by pleading guilty. Mr. Wiles also stated that he had discussed the case with his attorney, that

his attorney had explained the charges to him, and that he was satisfied with his attorney's representation.

The magistrate judge also asked Mr. Wiles and his attorney about his position concerning the applicability of the 15-year minimum mandatory sentence to Mr. Wiles as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Mr. Wiles' attorney responded that he did not think the sentence applied to Mr. Wiles, but he had put him on notice "in the abundance of caution." D.E. 45 at 21. The magistrate judge then explained to Mr. Wiles that he faced a minimum mandatory sentence of 15 years if he had three predicate drug felonies or violent crimes committed on different occasions. Mr. Wiles acknowledged that he understood.

Finally, the magistrate judge asked about whether Mr. Wiles was offered a plea agreement. Mr. Wiles' attorney indicated that Mr. Wiles did not accept a plea agreement because, though it would have dismissed the second count, it did not affect the calculation of his sentence under the guidelines and would have limited his right to appeal. The magistrate judge then asked Mr. Wiles if he wanted to think about going forward without the plea agreement. After Mr. Wiles replied "no, my head's going all over the place," the magistrate judge reiterated his attorney's statements by telling Mr. Wiles: "he said two things. One is, that it really doesn't give you much benefit, if any, I think is the way he put it. And that's

3

not uncommon because most of what the Government offers in their plea agreement you can get without it. And secondly, you limit very significantly your right to appeal." *Id.* at 29-30. Mr. Wiles acknowledged that he was pleading guilty freely and voluntarily.

The magistrate judge recommended that the district court accept Mr. Wiles' guilty pleas because the offenses charged in the indictment were supported by an independent factual basis and because Mr. Wiles' guilty pleas were knowing and voluntary. Mr. Wiles did not file any objections to the magistrate judge's report and recommendation, and the district court adopted it, adjudicating Mr. Wiles guilty of the three counts.

The district court sentenced Mr. Wiles to imprisonment for 240 months in total. At the sentencing hearing, the district court found that Mr. Wiles had four predicate offenses under the ACCA. Mr. Wiles expressed concern to the district court about the applicability of the ACCA, and indicated that, in pleading guilty, he relied on his attorney's advice that it would not apply. Mr. Wiles then requested a trial, which the district court denied. Though the district court had discretion under the advisory guidelines to impose a sentence of 188-235 months for the first and second counts, it varied downward and sentenced Mr. Wiles to the mandatory statutory minimum—180 months—for those counts, to run concurrently. Mr.

Wiles also received a 60-month mandatory minimum sentence for the third count, to run consecutively.

Mr. Wiles subsequently filed a motion to vacate under 28 U.S.C. § 2255, raising nine ineffective assistance of counsel claims.  One of his claims concerned his lawyer's failure to file an appeal after Mr. Wiles instructed him to.  In granting his § 2255 motion on that claim, the district court vacated the judgment and sentence, and then re-imposed the same sentence, in order to allow Mr. Wiles to appeal, *see* D.E. 49 at 2 (citing *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000)), but did not address his other ineffective assistance of counsel claims. Mr. Wiles now appeals, raising only one of the nine ineffective assistance of counsel claims he raised below and two challenges under Rule 11.

## II

With regard to Mr. Wiles' ineffective assistance of counsel claim, "it is well settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before in the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim."  *United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012).  *See also United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (explaining that a § 2255 motion is preferable to raise an ineffective assistance of

counsel claim "even if the record contains some indication of deficiencies of counsel's performance").

In granting Mr. Wiles' § 2255 motion, the district court specifically explained it was not deciding the remaining ineffective assistance of counsel claims. The record here is not sufficiently developed to review those claims, and we disagree with Mr. Wiles' conclusory arguments suggesting otherwise. Given that the district court vacated its original judgment and imposed an identical sentence in a new judgment, Mr. Wiles may raise his ineffective assistance of counsel claims and develop a sufficient record through a properly-filed § 2255 motion. *See Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (citing *Johnson v. United States*, 544 U.S. 295 (2005)).

## III

With regard to Mr. Wiles' remaining two challenges concerning the magistrate judge's findings and involvement during the plea colloquy, we conclude Mr. Wiles has waived his right to appellate review of these claims because he did not file any objection to the magistrate judge's report and recommendation. *See* Fed. R. Crim. P. 59(b)(2) ("Failure to object . . . waives a party's right to review."). *See also United States v. Garcia-Sandobal*, 703 F.3d 1278, 1282-83 (11th Cir. 2013). Nevertheless, even if we were to review for plain error, *see United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (holding that failure to object to a

Rule 11 violation in the district court results in plain error review), we find no reversible error.

Mr. Wiles admitted that his possession of a firearm was in furtherance of the methamphetamine offense and that he sold the firearms and methamphetamine together. This provided a sufficient factual basis for his guilty plea to possessing a firearm in furtherance of a drug trafficking crime, and does not constitute plain error. *See United States v. Timmons*, 283 F.3d 1246, 1252-54 (11th Cir. 2002) ("there must be a showing of some nexus between the firearm and the drug selling operation").

Also, though Rule 11(c)(1) provides that a "court must not participate" in plea agreement discussions between the government and a defendant, the magistrate judge's discussion here did not violate this provision. The plea negotiations had already ended due to Mr. Wiles' rejection of the plea agreement, and the magistrate judge's questioning and comments were to ensure Mr. Wiles' guilty plea was knowing and voluntary. Mr. Wiles has not shown that his discussion with the magistrate judge compelled him to plead guilty, even if, as he contended during his sentencing hearing, his reliance on his attorney's advice may have influenced him to do so. *Cf. United States v. Castro*, 736 F.3d 1308, 1313-15 (11th Cir. 2013) (denying Rule 11 challenge because, although district court's comments plausibly may have compelled the defendant to plead guilty, it was

equally plausible that the defendant pled guilty for other reasons, including a shorter sentence).  Thus, the magistrate judge's comments do not constitute plain error.

## IV

We affirm Mr. Wiles' convictions and sentence.

**AFFIRMED.**