[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10417
Non-Argument Calendar
_____

D. C. Docket No. 04-00187-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN K. VELTROP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 13, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Brian K. Veltrop appeals his conviction for possession and distribution of

methamphetamine. Without challenging any other aspect of his trial or sentencing, Veltrop pursues only a claim for ineffective assistance of counsel on appeal. Because we do not generally entertain ineffective assistance claims that are asserted for the first time on direct appeal, we AFFIRM.

## I. BACKGROUND

In a one-day trial, Veltrop was tried and convicted for two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). During the trial, Veltrop did not report to the court his belief that he was being ineffectively represented. Veltrop was sentenced to 121 months imprisonment.

On appeal, Veltrop argues that his trial counsel's performance was per se ineffective because he failed to subject the prosecution's case to any meaningful adversarial testing, giving only a three-minute opening statement without a theory of defense, presenting no evidence, failing to make a motion for judgment of acquittal, and waiving closing argument. He argues that these factors create a presumption of ineffective assistance, requiring no show of prejudice. In the

2

alternative, Veltrop argues that he was denied effective assistance of counsel and suffered prejudice when his attorney did not present a defense, failed to challenge the prosecution's case, and did not advocate for acquittal or reduction of charges.

## II. DISCUSSION

"The law of this Circuit is that claims of inadequate representation cannot be determined on direct appeal where such claims were not raised before the District Court and there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegations." United States v. Griffin, 699 F.2d 1102, 1107 (11th Cir. 1983) (quoting United States v. Rodriquez, 582 F.2d 1015, 1016 (5th Cir. 1978). The Supreme Court has reasoned that:

> [w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. . . . The evidence introduced at trial . . . will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the Strickland [v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984)] analysis.

Massaro v. United States, 538 U.S. 500, 504–05, 123 S. Ct. 1690, 1694 (2003). Generally, therefore, we consider direct appeals of ineffective assistance claims only when the district court has considered the claim and developed a record for us to review. United States v. Perez-Tosta, 36 F.3d 1552, 1563 (11th Cir. 1994) ("It

3

is settled law . . . that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim."); see, e.g., United States v. Teague, 953 F.2d 1525, 1534 n.11 (11th Cir. 1992) ("[T]he district court held an evidentiary hearing on [defendant]'s motion for new trial, and we [had] the benefit of that court's factual findings in this matter.  At that hearing . . . both [defendant] and his trial counsel testified," and therefore, "under these circumstances, we [chose] to address the claim for ineffective assistance of counsel."); United States v. Badolato, 701 F.2d 915, 925 (11th Cir. 1983) (addressing ineffective assistance claim where there was a full hearing and a complete record developed in relation to the district courts denial of the defendants' motions for judgment notwithstanding the verdict and new trial);   United States v. Phillips, 664 F.2d 971, 1040 (5th Cir. 1981) (reviewing ineffective assistance claim when defendant submitted a letter to the district court after his conviction, but before his sentencing, complaining about his representation, and counsel responded to each of the allegations), superseded on other grounds, United States v. Huntress, 956 F.2d 1309 (5th Cir.1992).

In situations where a record was not developed in the district court, we expect that full relief could be obtained through the federal habeas system.  See

4

Perez-Tosta, 36 F.3d at 1563 (holding that an ineffective assistance claim "is more appropriately raised in a proceeding under 28 U.S.C. § 2255").  Because Veltrop did not bring his concerns about his counsel to the attention of the court during his trial, the record from his trial is insufficient for us to review on direct appeal.

### III. CONCLUSION

Veltrop appeals his conviction arguing that his counsel was constitutionally ineffective.  Because the record in this case was developed with an eye toward conviction and, therefore, does not shed light on the sufficiency of his counsel's actions.  We conclude that Veltrop's claims are inappropriate for direct appeal.

**AFFIRMED.**