[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10555

_____

D.C. Docket No. 2:07-cr-00058-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD M. FRANKLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 7, 2012)

Before DUBINA, Chief Judge, JORDAN and ALARCÓN,* Circuit Judges.

_____

*Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

ALARCÓN, Circuit Judge:

Richard Franklin has appealed from the district court's order denying his motion to suppress firearms seized from within his residence following his arrest outside the house pursuant to a warrant for absconding from his conditional release on parole. He was indicted on three counts that charged him with two counts of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), on separate dates, and one count of possessing a firearm not registered to him in violation of 26 U.S.C. §§ 5861(d) and 5871.

Franklin contends that the district court erred in concluding that the warrantless entry of his residence did not violate the Fourth Amendment because the evidence showed that probable cause existed that illegally possessed firearms were in the residence and that exigent circumstances justified an entry without obtaining a search warrant.

We agree with the district court that the officer's conduct did not violate the Fourth Amendment and affirm.

I

A

The following evidence was presented at a hearing conducted by the magistrate judge regarding the validity of the warrantless search of Franklin's

residence.  After serving a term of imprisonment in a Florida state prison, following his conviction for burglary and grand theft, Franklin was granted conditional release of the remainder of his sentence on April 29, 2006.  The length of his conditional release was set to expire on July 16, 2006.  Probation Specialist William Lally ("Officer Lally") began supervising Franklin on May 2, 2006.  Franklin was informed of the conditions of his release by Officer Lally on that date.  Franklin was instructed that, as a condition of his release, he was required to allow Officer Lally to search his person, property, and premises.

On June 23, 2006, Franklin telephoned Office Lally.  Franklin stated that the officer could look for him but he would not find him.  He also admitted that he had not followed Officer Lally's instruction to report for a drug test because he had used and was in possession of marijuana.  Franklin stated further that "if he had a gun he would stick it in his mouth and end it all."

Officer Lally submitted a report to the Florida Parole Commission on the same date setting forth several violations of the terms of Franklin's conditional release.  The Parole Commission issued a warrant for Franklin's arrest that day.

Officer Lally attempted to locate Franklin several times without success.  He received information in August 2006 that Franklin was residing at his fiancée's home in Fort Myers, Florida.  Officer Lally went to this location several times but

3

did not see any vehicles there.

On August 24, 2006, Officer Lally observed two vehicles in the driveway at approximately 10:30 at night. He drove around the block and on his return he saw a third car there. The lights were on in the front room of the house.

Officer Lally called the Lee County Sheriff's Office and requested backup assistance. Deputy Sheriff Jamie Thorpe, Deputy Michael Haigis and two other officers responded to Officer Lally's request. After they arrived, Officer Lally knocked on the door loudly several times. He received no response. Officer Lally showed Deputy Haigis a photograph of Franklin and asked him to go to the back of the house. There, Deputy Haigis observed Franklin through a rear window. He also saw several firearms in plain view. Deputy Haigis reported his observations to Officer Lally. Officer Lally then knocked on the door for approximately ten or fifteen minutes.

Officer Lally also telephoned Franklin several times using his cell phone number. At first, someone answered the telephone and then immediately hung it up. After a number of attempts, Franklin responded to the telephone call. Officer Lally recognized his voice. Officer Lally told Franklin that the officers were not going to leave and that a SWAT team was on the way because this was being treated as a barricaded gunman situation. Officer Lally told Franklin the only safe

4

way to resolve this situation was to come out the door in boxer shorts, with his hands raised. After several minutes, Franklin came out the front door with his hands raised. He was taken into custody and placed in a police car.

Officer Lally testified that, after Franklin was arrested, he entered the house out of a concern for the safety of the officers since Franklin was a convicted felon and there were other persons and firearms in the house. Two adults and a child were in the house when he entered. Upon entering the residence, he seized five weapons: three rifles, and two sawed off shotguns.

Officer Lally testified that his entry into the residence was "a combination of my position as the offender's parole officer and officer's safety, securing those weapons." Officer Lally submitted a report to the Parole Commission based on the fact that Franklin was found in a house that contained illegal weapons, including sawed off shotguns.

B

On May 9, 2007, a grand jury returned an indictment in the United States District Court for the Middle District of Florida in which it charged Franklin with three counts of illegally possessing firearms. On March 1, 2010, Franklin filed a motion to suppress the firearms seized by Officer Lally after entering Franklin's residence following his arrest outside the house. He argued that the firearms and

5

his statements to the officers following his arrest were inadmissible because they were obtained in violation of the Fourth Amendment without a search warrant or his consent, and in the absence of facts demonstrating probable cause to enter the residence based on exigent circumstances.

The Government filed a response to the motion to suppress in which it asserted that the challenged evidence was admissible on discrete grounds. It asserted that the evidence was admissible because Franklin had consented to warrantless searches of his residence in signing his Certificate of Conditional Release and Terms and Conditions of Supervision. The Government also contended that the entry of the residence was lawful because the officers had reasonable suspicion to search Franklin's residence when they saw firearms in the dining room through a window. The Government argued that "[t]he officers also had a right to enter the residence for officer safety . . . ."

After considering the testimony presented at the evidentiary hearing, the magistrate judge recommended that the motion to suppress be granted. The magistrate judge concluded that Franklin was no longer on conditional release on August 24, 2006, because the termination date was July 16, 2006. Accordingly, the magistrate judge determined that the condition that Franklin was required to submit to a search of his property was no longer in effect on that date. He also

6

rejected the Government's argument that the expiration of the term of conditional release was tolled by the issuance of the arrest warrant on June 23, 2006 because of Franklin's violations of the conditions of his release. The magistrate judge held that Florida's parole laws do not provide for the tolling of a conditional release date.

The magistrate judge rejected the Government's contention that the good faith exception to the exclusionary rule, set forth in *United States v. Leon*, 468 U.S. 897 (1984), and *Herring v. United States*, 555 U.S. 135 (2009), was applicable. He reasoned that Officer Lally was not misled in his belief that he was authorized to conduct a warrantless search since "the termination date [of his conditional release] was clear on the face of the Conditions of Supervision." The magistrate judge expressly found that his belief "was not grounded in good faith."

The magistrate judge rejected the Government's contention that Officer Lally had the authority to enter the residence to seize the firearms to assure his own safety and that of the other officers who were present. The magistrate judge expressly found that Officer Lally's safety motivation testimony was not credible.

II

A

After reviewing the findings and recommendation of the magistrate judge,

7

the district court denied Franklin's motion to suppress on June 22, 2010. The district court agreed with the magistrate judge's finding that Officer Lally lacked credibility in testifying that he entered the residence because he believed that the persons remaining in the residence posed a danger to the officers. The district court stated that while it "accepts and adopts the Recommended Decision on Motion to Suppress *as to the issues it addresses*, the Court finds there was sufficient probable cause and exigent circumstances to justify the entry of the residence and seizure of the firearms . . . ." *United States v. Franklin*, 721 F. Supp. 2d 1229, 1231 (M.D. Fla. 2010) (emphasis added).

The district court acknowledged that the Government did not argue in its response to the motion to suppress or in its argument to the magistrate judge that exigent circumstances authorized the entry into the residence to seize the firearms, but nonetheless exercised its discretion to consider the issue. It concluded that the evidence was sufficient to demonstrate that Officer Lally had probable cause to believe that illegally possessed firearms were in the residence before he entered, based on Deputy Haigis's observation of them through a window. The district court also found that exigent circumstances compelling entry without securing a search warrant existed because, "considering there were other people at the residence, and at least two cars in the driveway, under the totality of the

8

circumstances, a reasonable, experienced officer would believe that the evidence might be destroyed or removed before a warrant could have been secured." *Id.* at 1236. Based on this reasoning the district court held that "[Officer] Lally's entry into the residence and seizure of the firearms was proper." *Id.*

## B

Pursuant to a plea agreement, Franklin entered a plea of guilty to Count 2 of the indictment which charged him with being a convicted felon in possession of five firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Pursuant to Fed. R. Crim. P. 11(a)(2), he reserved his right to appeal the denial of his motion to suppress.[1]

Franklin filed a timely notice of appeal. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## III

## A

Franklin contends that the district court erred in determining that the warrantless search of his residence was reasonable under the Fourth Amendment based on the probable cause and exigent circumstances exception to the

---

[1] In his opening brief, Franklin also claimed that the district court erred by sentencing him to consecutive terms of imprisonment. This Court subsequently issued an order granting the Government's motion to dismiss this claim because Franklin had waived all appeals of his sentence, except in limited circumstances that do not apply here, as a condition of his plea bargain. The order limited the appeal to his challenge to the denial of his motion to suppress.

9

exclusionary rule because the Government failed to assert this argument before the magistrate judge.

"We review for abuse of discretion the treatment by a district court of a report and recommendation of a magistrate judge." *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006). A district court does not abuse its discretion by accepting an argument not raised before the magistrate judge. *Id.* at 1176-77. In *Tolbert*, this Court held that "[w]e reject the notion that, in its review of the report and recommendation, the district court performed an appellate function and was barred, outside of exceptional circumstances, from considering an argument not raised before the magistrate judge." *Id.* The district court did not abuse its discretion in allowing the Government to argue in its objection to the magistrate judge's report and recommendation that the entry and seizure of the firearms did not violate the Fourth Amendment because the record demonstrated that probable cause and exigent circumstances justified the officer's conduct.[2]

---

[2] Even though the district court rested its denial of Franklin's motion to dismiss on a different legal basis from those considered by the magistrate judge, it was not required to conduct an evidentiary hearing because it adopted the magistrate judge's factual findings and credibility determination in full. *See United States v. Raddatz*, 447 U.S. 667, 673-74 (1980) (holding that district court may adopt the credibility findings of a magistrate judge without rehearing the testimony on which a magistrate judge based his or her findings and recommendations); *cf. Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2007) (holding that a district court must hold a new hearing in order to *reject* a magistrate judge's credibility findings unless "there is an articulable basis for rejecting the magistrate's original resolution of credibility." (internal quotation marks omitted) (quoting *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)). While the legal issue of whether there were

10

B

Franklin also asserts that the district court erred in concluding that Officer Lally did not have a reasonable opportunity to try to obtain a search warrant after Franklin's arrest outside the residence "while maintaining safety and [also] preserving the evidence." Appellant's Opening Brief at ii. He contends that "[t]he physical nature of the evidence, rifles, alone, negates any consideration that [such] evidence could not be preserved while trying to obtain any warrant(s), and safety was never an issue throughout the event in this case." Appellant's Opening Brief at 6.

"It is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980). "A warrantless search is allowed, however, where both probable cause and exigent circumstances exist." *United States v. Tobin*, 923 F.2d 1506, 1510 (11th Cir. 1991) (en banc). "The district court's denial of the motion to suppress is reviewed as a mixed question of law and fact." *United States v. Bradley*, 644 F.3d 1213, 1261 (11th Cir. 2011). "We accept the facts the district

---

exigent circumstances based on a reasonable belief that evidence may be destroyed or removed was not presented before the magistrate judge, the facts were sufficiently developed to support the legal conclusions of the district court and therefore hearing further testimony was unnecessary. *Cf. Gullatte v. Potts*, 654 F.2d 1007, 1011-12 (5th Cir. 1981) (remanding for the district court to conduct an evidentiary hearing where the magistrate applied an improper legal test and his factual findings were legally insufficient to allow the district court to conduct the proper legal analysis).

11

court found in resolving the exigent circumstance issue unless the findings are clearly erroneous. We determine *de novo* whether the court erred in applying the law to those facts." *Id.* (citation omitted). Further, this Court construes all facts in the light most favorable to the prevailing party below. *United States v. Jordan*, 635 F.3d 1181, 1185 (11th Cir. 2011). In this matter, the Government prevailed on the question of whether the evidence was sufficient to demonstrate that there was probable cause to enter the residence to prevent the destruction or removal of the firearms before a search warrant could be obtained because other persons were present inside.

"The question of what amounts to probable cause is purely a question of law and hence is subject to plenary review by this court. Probable cause exists when under the totality-of-the-circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Tobin*, 923 F.2d at 1510 (alteration in original) (citations and internal quotation marks omitted). As the district court found, there is no factual dispute that the officers had probable cause. Franklin was known to be a felon and was observed in plain view in the presence of weapons which he had no right to possess as a convicted felon.

"[T]he 'presence of contraband without more does not give rise to exigent

12

circumstances.'" *Id.* (quoting *United States v. Torres*, 705 F.2d 1287, 1297 (11th Cir.), *vacated and remanded on other grounds*, 718 F.2d 998 (11th Cir. 1983)). "[A]n exigency exists when officers can articulate a reason, grounded in the facts of the specific case, to fear that evidence may be destroyed or lost . . . ." *Bradley*, 644 F.3d at 1262. "An objective test applies to the exigency determination. An exigency exists if 'the facts . . . would lead a reasonable, experienced agent to believe that evidence *might be* destroyed before a warrant could be secured.'" *Id*. (emphasis and alteration in original) (quoting *Tobin,* 923 F.2d at 1510). While the question of whether officers on the scene could reasonably have believed that evidence would be destroyed, removed, or hidden before a warrant could be obtained is fact specific, there is an analogous case in this Circuit, which is dispositive of this case.

In *United States v. Rodgers*, 924 F.2d 219, 223 (11th Cir. 1991), this Court concluded that exigent circumstances were present when "police knew there was at least one person other than Rodgers in the trailer; the handguns could easily be hidden or removed; and the people in the trailer were aware of the arrest of Rodgers." In this matter, it is undisputed that there was at least one other person inside the residence. The record supports the district court's finding "that this person was aware of defendant's arrest and had cooperated with defendant by not

13

responding to the officers' knocking and yelling at the door." *Franklin*, 721 F. Supp. 2d at 1236.

In his reply brief, Franklin argues that *Rodgers* is not dispositive because rifles and shotguns are more difficult to remove than handguns, and therefore there was ample opportunity to obtain a warrant before Officer Lally searched the residence. We disagree. The fact that firearms including a shortened rifle and sawed off shotguns may be more difficult to remove or hidden is not dispositive. Both types of weapons can be removed by an adult. "[T]he appropriate inquiry is whether the facts . . . would lead a reasonable, experienced agent to believe that evidence might be destroyed [or removed] before a warrant could be secured." *Rodgers*, 924 F.2d at 222 (alterations in original) (quoting *United States v. Rivera*, 825 F.2d 152, 156 (7th Cir. 1987)).

The evidence presented at the evidentiary hearing before the magistrate judge demonstrates that Officer Lally acted reasonably under the circumstances. Under the totality of the facts of which he was aware, he could have reasonably believed that the firearms would be removed before a warrant could be obtained. There were at least two cars in the driveway and at least one other person in the residence who had already shown the willingness to help Franklin avoid arrest by not answering the door. This case is a stark contrast from cases where this Court

14

has found an officer's determination of exigent circumstances to be unreasonable. *See United States v. Lynch*, 934 F.2d 1226, 1232 (11th Cir. 1991) (finding no exigent circumstance when the arrest was made away from the suspect's home); *United States v. Satterfield*, 743 F.2d 827, 844-45 (11th Cir. 1984) (finding no exigent circumstance after all of the occupants were taken into custody). The district court did not err in concluding that Officer Lally had probable cause to believe that the residence contained evidence that might be hidden or removed before he could obtain a search warrant.

IV

Franklin has submitted a "motion to both file supplemental argument and legal authority." We grant his motion, but do not find his arguments persuasive. In his motion, Franklin contends that his trial counsel was ineffective. This issue was not presented to the district court. He also attempts to distinguish *Rodgers*, for the first time, on the ground that Officer Lally's search was pretextual.

Regarding his ineffective assistance of counsel claim, "[i]t is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim." *United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th Cir. 1994);

15

*accord United States v. Veltrop*, 161 F. App'x 914, 915 (11th Cir. 2006).

Regarding his attempt to distinguish *Rodgers* on the grounds that Officer Lally's search was pretextual, this court generally does not review issues not raised in an opening brief. *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000). However, in exceptional circumstances, we have "exercise[d] our discretion to recognize plain error." *United States v. Gari*, 572 F.3d 1352, 1360 (11th Cir. 2009) (citing *Silber v. United States*, 370 U.S. 717, 718 (1962)). For a finding of plain error, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993) (second alteration in original). "Of course, there can be no plain error if there was no error at all." *United States v. Pielago*, 135 F.3d 703, 709 (11th Cir. 1998).

Contrary to Franklin's contention, *Rodgers* cannot be distinguished on the grounds of pretext. In *Rodgers*, 924 F.2d at 221, the officer did not need a pretext to go to the door of the trailer because he had every right to be there. Similarly in this case, Deputy Haigis also had every right to be behind the residence, and did not act under any pretext. Franklin also contends that Officer Lally's search was pretextual based on the finding made by the magistrate judge, and adopted by the district court, that Officer Lally's stated intent in entering the residence for officer safety concerns was not credible. Officer Lally's subjective intent is inapposite,

16

however, because the tests for analyzing probable cause and exigent circumstances are objective. *Bradley*, 644 F.3d at 1262 ("An objective test applies to the exigency determination. An exigency exists if 'the facts . . . would lead a reasonable, experienced agent to believe that evidence *might be* destroyed before a warrant could be secured.'") (emphasis and alteration in original) (quoting *Tobin,* 923 F.2d at 1510)); *Craig v. Singletary*, 127 F.3d 1030, 1042 (11th Cir. 1997) ("Probable cause issues are to be decided on an objective basis by courts without regard to the subjective beliefs of law enforcement officers, whatever those beliefs may have been."). Because there was no error at all, we decline to exercise our discretion to find plain error.

## V

We are persuaded that a reasonable, experienced officer would have concluded under the totality of the circumstances that the firearms might be removed or concealed before a warrant could be obtained to enter the residence. In light of this conclusion, we decline to reach the Government's alternate contention that Officer Lally was entitled to enter Franklin's residence based on his consent to be search as a condition of his supervised release, because the expiration date of his conditional release had been tolled when Franklin absconded from supervision.

We grant his motion to file supplemental argument and legal authority.

**AFFIRMED.**