[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12597
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-14061-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE VOYD MERRICKS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 17, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Lee Voyd Merricks appeals his conviction for possession of a firearm and

ammunition by a convicted felon.  We affirm.

## I. BACKGROUND

On July 19, 2012, St. Lucie County Deputy Sheriff Ryan Register and Fort Pierce Police Officer Steven Sobon were on routine patrol in Fort Pierce, Florida. Before 8:00 p.m., Deputy Register observed Merricks riding his bicycle on the wrong side of the road. The officers were traveling westbound, while Merricks was riding eastbound. The officers and Merricks passed each other, and Deputy Register recognized Merricks from prior investigations. The officers made a U-turn so they could conduct a traffic stop of Merricks for violating Florida's bicycle regulations.[1] When Merricks saw the officers turn around, he began pedaling faster. The officers activated their lights and followed Merricks to a private residence, where Merricks exited the bicycle and walked through a gate. The officers ordered Merricks to stop, but Merricks ignored their orders.

Merricks attempted to open the front door of the residence, but the door was locked. Both officers followed Merricks onto the property. When Merricks saw Deputy Register approach, Merricks reached into his waistband and threw a small, dark object into a carport near a stack of buckets. Merricks then began beating on the front door with both hands. Following a brief struggle, the officers took Merricks into custody. The officers searched Merricks and found an empty

---

[1] In Florida, "[a]ny person operating a bicycle upon a roadway at less than the normal speed of traffic . . . shall ride in the lane marked for bicycle use or, if no lane is marked for bicycle use, as close as practicable to the right-hand curb or edge of the roadway," except under certain conditions. Fla. Stat. § 316.2065(5)(a).

magazine clip in his pocket.  They also searched the area where Merricks had thrown the dark object and found a black firearm.

On September 13, 2012, a federal grand jury charged Merricks with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Merricks pled not guilty and moved to suppress the firearm and ammunition found by the police officers.  He argued he was seized illegally under the Fourth Amendment.  The government responded the police had probable cause to arrest Merricks, who lacked standing to challenge the seizure of the firearm found on private property.

At the hearing on the motion to dismiss, the evidence showed Robert Reed owned and lived in the private residence, where Merricks was arrested.  Deputy Register testified he knew Reed lived in the house and Merricks lived elsewhere. Reed testified he had known Merricks, since Merricks was a little boy, and Merricks went to Reed's house daily.  Merricks had open access to the house and had a key.  In addition, Merricks had stayed overnight at Reed's house in a guest bedroom, but the last time Merricks had stayed overnight had been three weeks prior to his arrest.  Merricks did not pay rent or receive mail at Reed's residence, nor did he keep clothes there.  Reed testified he allowed several other individuals to stay overnight in the guest bedroom, when entertaining women.

Following the hearing, the magistrate judge entered a Report and Recommendation ("R&R") recommending Merricks's motion to suppress be denied. The magistrate judge found the officers had probable cause to pursue Merricks for committing a traffic violation. When Merricks failed to heed the officers' commands to stop, they had probable cause to arrest him for resisting an officer without violence. Because Merricks lacked a reasonable expectation of privacy in Reed's property, the magistrate judge determined he lacked standing to challenge the seizure of the firearm, which the officers had found in plain view. The magistrate judge concluded the officers lawfully seized the ammunition clip from Merricks during a search incident to his lawful arrest.

Over Merricks's objections, the district judge adopted the R&R and denied the motion to suppress. Merricks subsequently pled guilty to the sole indictment crime, pursuant to a conditional plea agreement. Merricks reserved the right to appeal the district judge's denial of his motion to suppress. He specifically reserved the right to appeal (1) whether the police officers had probable cause to stop him, and (2) whether he had standing to contest the seizure of the firearm found in the carport area of Reed's home.

The district judge accepted the plea agreement and adjudicated Merricks guilty of possessing a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The judge sentenced Merricks to 180

4

months of imprisonment and 3 years of supervised release.  On appeal, Merricks argues the district judge erred by failing to suppress the firearm and empty magazine clip discovered by the police officers.  Consequently, he contends the officers impermissibly conducted a warrantless search and seizure on the curtilage of a private home, where he had a reasonable expectation of privacy.

## II. DISCUSSION

In reviewing the denial of a motion to suppress, we assess the district judge's findings of fact for clear error and his application of law to those facts de novo.  *United States v. Gibson*, 708 F.3d 1256, 1274 (11th Cir.), *cert. denied*, 134 S. Ct. 342 (2013).  All facts are construed in the light most favorable to the prevailing party below.  *Id.*

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  "The reasonableness of a seizure or arrest under the Fourth Amendment turns on the presence or absence of probable cause."  *United States v. Lopez-Garcia*, 565 F.3d 1306, 1314 (11th Cir. 2009) (citation and internal quotation marks omitted).  "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime."  *Id.* (citation and internal quotation marks omitted).

Because a custodial arrest of a suspect based on probable cause is reasonable under the Fourth Amendment, "a search incident to the arrest requires no additional justification." *United States v. Goddard*, 312 F.3d 1360, 1364 (11th Cir. 2002).

The "capacity to claim the protection of the Fourth Amendment depends upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469, 473 (1998) (citation, internal quotation marks, and ellipses omitted). Accordingly, a defendant has standing to challenge a search and seizure only if the defendant "had a legitimate expectation of privacy in the property when it was searched." *Gibson*, 708 F.3d at 1276 (citation and internal quotation marks omitted).

Warrantless searches and seizures inside a person's home are presumptively unreasonable. *United States v. Franklin*, 694 F.3d 1, 7 (11th Cir. 2012). The curtilage of a home, "the private property immediately adjacent to a home, is entitled to the same protection against unreasonable search and seizure as the home itself." *United States v. Noriega*, 676 F.3d 1252, 1262 (11th Cir. 2012) (citation, internal quotation marks, and alterations omitted). In some circumstances, "a person may have a legitimate expectation of privacy in the house of someone else." *Carter*, 525 U.S. at 89, 119 S. Ct. at 473. For example, "an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely

6

present with the consent of the householder may not." *Id.* at 90, 119 S. Ct. at 473.

A defendant also may establish standing by demonstrating an unrestricted right of

occupancy or custody and control of the premises searched; ownership is not

required, but mere presence or even possession of a key is insufficient. *United*

*States v. Sarda-Villa*, 760 F.2d 1232, 1236 (11th Cir. 1985).  The defendant bears

the burden of establishing a legitimate expectation of privacy in the area searched.

*United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008) (per curiam).  When

an individual abandons contraband during a chase with law enforcement, he has no

expectation of privacy to challenge seizure of the property.  *United States v.*

*Tinoco*, 304 F.3d 1088, 1117 (11th Cir. 2002).

Because Deputy Register and Officer Sobon personally observed Merricks

riding his bicycle on the wrong side of the road, in violation of Florida law, they

were permitted to pursue and detain him in order to give him a citation or a

warning.  After Merricks realized the officers were following him with police

lights activated, he pedaled faster and entered Reed's property.  As Merricks was

walking through the gate of Reed's home, he failed to heed the officers' verbal

commands to stop.  By that time, the officers had probable cause to arrest Merricks

for resisting or opposing the police without violence.[2]  *Lopez-Garcia*, 565 F.3d at

---

[2] Anyone who resists, obstructs, or opposes any law enforcement officer or other person "legally authorized to execute process in the execution of legal process or in the lawful execution

7

1314 (recognizing probable cause to arrest exists, when officers have knowledge of facts or circumstances to warrant a reasonable belief the suspect has committed or was committing a crime).

Merricks argues the officers were prohibited from entering the property and arresting him without a warrant, and the district judge erred by concluding he lacked standing to challenge the warrantless entry onto the curtilage of the home. This argument fails. At the time of his arrest, Merricks was not an overnight guest; he had not stayed overnight at Reed's house for at least three weeks. He did not have an unrestricted right of custody or control over the residence. *Sarda-Villa*, 760 F.2d at 1236 (finding standing may be demonstrated through an unrestricted right of occupancy). Although Merricks sometimes used one of the bedrooms, he did not keep clothes in the room, and Reed permitted other individuals to use that bedroom as well. Merricks did not receive mail at Reed's home or pay rent. Even though Merricks possessed a key to the house, possession of a key and mere presence on Reed's property is insufficient to establish he had a reasonable expectation of privacy. *Sarda-Villa*, 760 F.2d at 1236 (recognizing a defendant cannot establish standing based solely on the possession of a key to an apartment).

---

of any duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree." Fla. Stat. § 843.02.

Deputy Register knew Reed owned the residence, and Merricks had provided another address as his residence. Merricks was "merely present with the consent of the householder," and Deputy Register and Officer Sobon were permitted to enter the property without a warrant. *Carter*, 525 U.S. at 90, 119 S. Ct. at 473. Merricks lacked a reasonable expectation of privacy in Reed's home and the surrounding curtilage, and the officers were permitted to pursue him onto Reed's property without a warrant. The officers already had probable cause to arrest Merricks for resisting arrest without violence. Because Merricks's warrantless arrest was lawful based on probable cause, the seizure of the empty magazine clip incident to his arrest was reasonable under the Fourth Amendment. *Goddard*, 312 F.3d at 1364 ("Since the custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment, a search incident to the arrest requires no additional justification.").

Merricks also challenges the subsequent search of the carport area and seizure of the firearm. Merricks lacks standing to challenge the search and seizure, however, because he did not have a reasonable expectation of privacy in Reed's home and surrounding curtilage. *Gibson*, 708 F.3d at 1276 (recognizing a defendant has standing to challenge a search and seizure only if he has a legitimate expectation of privacy). Because he voluntarily abandoned it while being pursued by law enforcement, Merricks also lacks standing to challenge the seizure of the

9

firearm.  *Tinoco*, 304 F.3d at 1117 (concluding, when an individual abandons contraband, he has no expectation of privacy to challenge seizure of the property). Accordingly, the district judge did not err by denying Merricks's motion to suppress the firearm and the empty magazine.

**AFFIRMED.**