[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15453
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cr-00098-AKK-HGD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH MICHAEL BORDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 7, 2014)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Joseph Borden pled guilty to both counts of

two-count indictment: Count One, armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); and Count Two, brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The District Court then sentenced Borden to consecutive prison terms of twenty-one months on Count One and forty-two months on Count Two.

Borden now appeals his convictions, presenting two arguments, neither of which was raised before the District Court: (1) his pleas of guilty were involuntary because his lawyer coerced him in to entering the pleas, and (2) his lawyer denied him his Sixth Amendment right to effective assistance of counsel in failing adequately to investigate his potential defenses and in coercing him into pleading guilty.  We do not consider the second argument because the record has not been developed regarding counsel's alleged inappropriate behavior.  *United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012).[1]  We find no merit in Borden's first argument and according affirm his convictions.

Borden was indicted along with John Vansteenis.  Vansteenis entered the People's Bank in Decatur, Alabama, and, pointing a pistol at a teller, demanded money.  The teller gave him approximately $2,700.  He left the bank and joined Borden, who was waiting in the getaway car.  The car was stopped by the police, and Vansteenis admitted that he had robbed a bank.  Borden, after being advised of

---

[1]  Borden can challenge his lawyer's allegedly ineffective performance in a collateral proceeding brought under 28 U.S.C. § 2255.

2

his *Miranda* rights, said that he had driven Vansteenis around so he could rob various targets.

A defendant who enters a plea of guilty waives several constitutional rights and, therefore, due process requires that the plea be knowingly and voluntarily made. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171, 22 L. Ed. 2d 418 (1969). For a guilty plea to be entered into knowingly and voluntarily, it must satisfy three "core concerns," of Rule 11, which are that "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996); *See* Fed. R. Crim. P. 11.

In order to ensure that a plea is knowing and voluntary, trial courts are "best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." *Boykin v. Alabama*, 395 U.S. 238, 244 n.7, 89 S. Ct. 1709, 1713 n.7, 23 L. Ed. 2d 274 (1969). We apply a "strong presumption" that statements made by a defendant during his plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Therefore, "when a defendant makes statements under oath at a plea

3

colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Because Borden did not raise his involuntary-guilty-plea argument in the District Court, we review it for plain error, for plain-error review applies to purported Rule 11 violations raised for the first time on appeal. *United States v. Monroe*, 353 F.3d 1346, 1349–50 (11th Cir. 2003). He must show that (1) an "error"; (2) "that is plain"; and (3) "that affects substantial rights" has occurred. *Id.* at 1349 (quotations omitted). "If all three conditions are met, [we] may exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted).

There is no plain error here. In the plea agreement, Borden acknowledged that he entered into the agreement voluntarily and knowingly and that no threats or force were used to induce him into pleading guilty. In addition, at the change-of-plea hearing, Borden told the District Court that no one had threatened or coerced him into entering the guilty plea. Borden's argument, that he felt like he had no choice but to tell the court that he entered into the agreement willingly, is not enough alone to show that he was coerced into a guilty plea.

AFFIRMED.

4