[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13868
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00038-ELR-LTW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONICA RIGSBY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 30, 2019)

Before TJOFLAT, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Monica Rigsby appeals her conviction and 30-month sentence for wire fraud, in violation of 18 U.S.C. § 1343.  On appeal, she argues that: (1) she was not competent to plead guilty because her medication affected her ability to understand the proceeding against her; and (2) she received ineffective assistance of counsel.[1]

I.

Rigsby pleaded guilty to wire fraud, 18 U.S.C. § 1343, pursuant to a written plea agreement.  During the Rule 11 change-of-plea colloquy, she informed the district court that she had taken prescription pain medication that affected her ability to understand.  There followed an extended colloquy with the court, with frequent pauses for Rigsby to consult with her counsel.  Rigsby confirmed that, although her medication did have some effect on her perception, she was able to communicate with counsel and understood that she was present to enter a guilty plea to the charges against her.  She also confirmed that she had discussed her guilty plea with her attorney and that she wished to proceed.  Rigby's counsel also represented to the court that, based on his communication with Rigsby that morning, he did not think that Rigsby was impaired and he believed that Rigsby "absolutely" understood what she was doing.

---

[1] Rigsby also challenged the district court's calculation of the applicable Sentencing Guidelines range, but this Court dismissed that claim on the government's motion pursuant to the appeal waiver in Rigsby's plea agreement.  *See* Order dated April 11, 2019.

2

The district court then completed the Rule 11 colloquy and accepted Rigsby's guilty plea.  Based on its communication with Rigsby throughout the course of the hearing, the court found that she understood the plea that she was entering and that her plea was freely and voluntarily entered.

## II.

"The due process clause prohibits the trial or guilty plea conviction of a person who is mentally incompetent."  *United States v. Rodriguez*, 751 F.3d 1244, 1252 (11th Cir. 2014) (citation omitted).  The standard for competence to plead guilty is the same as the standard for competence to stand trial; the question "is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396, 399 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)).

We review a district court's finding of competence for clear error.  *See United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (per curiam).  "A finding of fact is clearly erroneous only when we are left with a definite and firm conviction that a mistake has been committed."  *United States v. Hogan*, 986 F.2d 1364, 1372 (11th Cir. 1993) (citation omitted).

3

Here, the record supports the district court's conclusion that Rigsby was competent to enter a guilty plea. She confirmed that she understood the nature of the proceedings and that she was able to communicate effectively with her attorney about her case. Her attorney also confirmed that he was able to discuss the case with Rigsby and was satisfied that Rigsby was not impaired that morning. And the district court itself had the opportunity to observe Rigsby's demeanor and responses throughout the Rule 11 colloquy. Under the circumstances, we cannot say that the court clearly erred in finding that Rigsby was competent to enter a guilty plea.

## III.

Turning to Rigsby's ineffective assistance of counsel claim, she argues that her attorney was ineffective for failing to investigate her case and advising her to enter a guilty plea, and for failing to introduce certain evidence and raise certain objections at sentencing. Rigsby did not raise this claim in the district court; consequently, the district court did not have the opportunity to develop an evidentiary record bearing on her allegations. It "is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim."

4

*United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012) (citation omitted).  We

therefore decline to consider Rigsby's ineffective-assistance claim at this stage.

Rigsby's conviction and sentence are

**AFFIRMED.**