[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11604
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cr-00017-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY BURKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 7, 2020)

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Rodney Burke appeals his convictions for possession with intent to distribute 50 grams or more of methamphetamine[1] and possession of a firearm by a convicted felon.[2]  Burke argues that the government failed to present evidence sufficient to sustain a conviction for possession of a firearm by a convicted felon pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[3]  Burke also argues that the district court plainly erred while re-charging the jury by failing to instruct as to the burden of proof required for a special-verdict question concerning the amount of methamphetamine attributable to him.[4]  We affirm.

---

[1] 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii).

[2] 18 U.S.C. § 922(g)(1).

[3] Burke also asserts for the first time on appeal that the written stipulation providing that Burke had been convicted of a felony, which he and his trial counsel signed, referred in the first paragraph to an unknown individual named "Marcus Crocker," and that "[t]his error alone should be enough to negate the stipulated facts contained therein."  Burke, however, provides no citation to authority in support of this proposition, and no supporting argument as to why he is entitled to relief under plain error review.  This argument is therefore waived.  *United States v. Flores*, 572 F.3d 1254, 1265 n.3 (11th Cir. 2009) (explaining that a bare allegation without any supporting authority will be deemed waived on appeal); *see also Sapupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

[4] Burke also raises, for the first time on appeal, two ineffective assistance of counsel claims relating to the weight and quantity of the drugs.  We do not review claims for ineffective assistance of counsel on direct appeal where the claims were not raised before the district court and there has been no opportunity to develop a record of evidence relevant to the merits of the claims.  *United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012).  Should Burke choose to pursue these claims further, they would be better resolved in a 28 U.S.C. § 2255 proceeding, where an evidentiary hearing may be held.  *See United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994), *overruled in part on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001); *see also Griffith v. United States*, 871 F.3d 1321, 1336, 1340 (11th Cir. 2017) (ordering an evidentiary hearing on a § 2255 motion where petitioner alleged that his trial counsel failed to challenge the

## I. Discussion

## A. Sufficiency of the Evidence

Burke argues that the government failed to supply evidence at trial that he knew he belonged to the relevant category of persons barred from possessing a firearm as required by the Supreme Court's holding in *Rehaif*.[5]  We review Burke's challenge to the sufficiency of the evidence for plain error because he failed to raise it before the district court.  *United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019).  Burke must prove that (1) an error occurred (2) that was plain and (3) affected his substantial rights.  *United States v. Moore*, 954 F.3d 1322, 1337 (11th Cir. 2020).  As to the third-prong, Burke bears the burden of persuasion in establishing a reasonable probability that, but for the errors, the outcome of the proceeding would have been different.  *United States v. Olano*, 507 U.S. 725, 734 (1993); *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).  And we may consult the entire record when evaluating an error for its effect on a defendant's substantial rights.  *Moore*, 954 F.3d at 1337.  If the first

usability of the mixture or substance relied on to convict him at trial).  Thus, we decline to entertain Burke's ineffective assistance claims at this juncture.

[5] To the extent Burke also argues that, under *Rehaif*, the government was required to present evidence that Burke knew possessing a firearm *as a convicted felon* was a prohibited act, he mischaracterizes the holding of *Rehaif*. *See Rehaif*, 139 S. Ct. at 2200 (holding that, in order to convict a defendant of violating § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm").

three prongs are met, we may exercise our discretion to correct the plain error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (alteration and internal quotations omitted).

The government concedes plain error occurred. Because Burke's trial took place before the Supreme Court decided *Rehaif*, the law at the time did not require the government to prove that Burke knew he belonged to the relevant category of persons barred from possessing a firearm. Nevertheless, upon review of the entire record, Burke cannot show that this error affected his substantial rights. The stipulation and the presentence investigation report establish that Burke had previously been convicted of five felonies, and Burke was sentenced to multiple years' confinement for two of these convictions. Thus, the record clearly demonstrates that Burke knew he was a felon. *See Moore*, 954 F.3d at 1337–38 (finding that the defendants' previous confinements and stipulations regarding prior felonies sufficiently demonstrated their knowledge of their status as felons); *United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (finding that the defendant's eight prior felonies and 18-years of confinement "establish[ed] that Reed knew he was a felon [and] he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial"). Accordingly, Burke cannot show that his substantial rights were affected by the

government's failure to introduce evidence regarding his knowledge of his status as a felon.

## B. Jury Instruction

Burke argues that the district court failed to instruct the jury to make a drug-quantity finding beyond a reasonable doubt when it provided a second jury charge. He further contends that this omission affected his substantial rights and distorted the fairness and integrity of the proceedings. We disagree that plain error occurred.

At the beginning of the trial, the district court informed the jury that "[i]t will be the government's burden to prove the defendant guilty beyond a reasonable doubt." Later, when instructing the jury prior to deliberations, the district court reiterated the burden of proof incumbent upon the government, stating that "[t]he government must prove guilt beyond a reasonable doubt," explaining what a reasonable doubt is, and emphasizing that "the government's burden of proof is heavy." The district court advised the jury that "[i]f you are convinced that the defendant has been proved guilty beyond a reasonable doubt, then you would say so *in your verdict*. If you are not convinced, then you would say that *in your verdict*." The district court then instructed the jury as follows:

> The defendant can be found guilty of [possession of methamphetamine with intent to distribute] *only if all of the following facts are proved beyond a reasonable doubt*: One, that the defendant knowingly possessed methamphetamine; . . . two, that the defendant intended to

5

distribute the methamphetamine; and *three, that the weight of the methamphetamine defendant possessed was more than 50 grams.*

. . . The defendant is charged with possessing and intending to distribute at least 50 grams of methamphetamine. *But you may find the defendant guilty of the crime even if the amount of the controlled substance for which he should be held responsible is less than 50 grams. So if you find the defendant guilty, you must also unanimously agree on the weight of the methamphetamine the defendant possessed and specify that on the verdict form.*[6]

On the second day of deliberations, the jury sent a few notes regarding the determination of the weight of the drugs. The jury first asked, "Why are we being given a choice of two different amounts of possession? We have a juror questioning that you gave a choice and is having a hard time with evidence over the choice on our verdict on the weight." The district court responded, "As the fact finder, the jury must make this determination." Meanwhile, the district court and counsel continued discussing whether the initial charge regarding the weight of the drugs had created the potential for juror confusion. During this discussion, the jury sent another note stating, "[T]he jury is unanimous that the defendant is guilty of

---

[6] The verdict form, in relevant part, instructed that:

*If you find the Defendant guilty of Count One, answer the following question:*

We, the jury, having found Defendant guilty of the offense charged in Count One further find with respect to Count One that the Defendant possessed with intent to distribute methamphetamine in the amount shown (place an X in the appropriate space):

\_\_\_\_\_ WEIGHING 50 GRAMS OR MORE

\_\_\_\_\_ WEIGHING LESS THAN 50 GRAMS

Count 1, possession of methamphetamine with intent to distribute. The jury is divided on the weight." This note was followed immediately by a third and final note:

> We are stuck on the second issue of over or under 50 grams. One juror says you're asking how much of the 51 grams is [Burke] responsible for since he only paid $500 and [another person] paid $2,000. Therefore, he's only responsible for one-fourth of 12.4 grams. Our question: Is that the purpose of Part 2, to decide his responsibility over or under 50 grams?

After a long discussion with the parties' counsel, the district court concluded that its initial instruction contained an error that could have been the source of the jury's confusion. Accordingly, the district court called back the jury and told them that the previous instruction as to the elements required to find Burke guilty of Count I were "not entirely clear or accurate," and that it was going to clarify "the instructions" and then have the jury "start [its] deliberations anew." The district court re-instructed the jury thus:

> In order for the defendant to be found guilty of the crime of possession of a controlled substance with intent to distribute it, you must find that the government has proved the following by—beyond a reasonable doubt: that the defendant knowingly possessed methamphetamine and that the defendant intended to distribute the methamphetamine. Those are the elements of the federal crime of possession with intent to distribute a controlled substance.
>
> Now, as the fact finder—and you should not ask yourself why you've got to determine this. But as the fact finder, you have got to make a specific finding unanimously as to the amount, whether it's more or less than the 50 grams as indicated on the verdict form.

7

The district court went on to make two more important statements.  First, it summarized its new instructions thus:

> But if you find that the government has proven *beyond a reasonable doubt* that he knowingly possessed methamphetamine and that he intended to distribute the methamphetamine, *then you've got to determine the amount of methamphetamine that he possessed and intended to distribute, whether that's more or less than 50 grams*.

Second, the district court emphasized: "Now, of course, what I told you yesterday about possession and what constitutes possession and that type thing, that—all of that still stands.  All of those other instructions still apply."  Burke did not raise any objection to the second instruction with regard to the burden of proof.  Soon after this second instruction, the jury formally returned a guilty verdict as to Count I and a determination that the drug quantity involved was greater than 50 grams.

On appeal, Burke argues that the district court plainly erred when it did not directly tie the beyond-reasonable-doubt burden of proof to the quantity determination in the same manner as it had in its initial instruction.  Specifically, he argues that the jury instructions did not go far enough because the weight of the methamphetamine increased the mandatory-minimum sentence, and any fact that increases the mandatory-minimum sentence for a crime is an "element" that a jury

must find was proven beyond a reasonable doubt, pursuant to *Alleyne v. United States*, 570 U.S. 99, 103–04 (2013).[7]

We review the legal correctness of an unobjected to aspect of a jury instruction for plain error. Fed. R. Crim. P. 30(d). As discussed with the evidentiary sufficiency issues above, this standard of review requires Burke to prove a plain error occurred that affected his substantial rights. *Moore*, 954 F.3d at 1337. "Jury instructions will not be reversed for plain error unless 'the charge, considered as a whole, is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice,' or the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Starke*, 62 F.3d 1374, 1381 (11th Cir. 1995) (quoting *United States v. Pope*, 747 F.2d 632, 675 (11th Cir. 1984)).

Although the district court's second jury instructions on Count I are not a model of clarity as to the burden of proof required for the quantity determination, any resulting ambiguity is minor and does not result in plain error when viewing

---

[7] Burke was indicted in Count I for violating 21 U.S.C. § 841(a)(1), which makes it unlawful for any person knowingly or intentionally to "possess with intent to . . . distribute . . . a controlled substance." Count I also invoked the "penalty" subsection of § 841, which in relevant part provides that anyone convicted of violating subsection (a) where the violation involved "50 grams or more of a mixture or substance containing a detectable amount of methamphetamine" who also has a prior conviction for a serious drug or violent felony "shall be sentenced to a term of imprisonment which may not be less than 10 years." 21 U.S.C. § 841(b)(1)(B)(viii). At Burke's sentencing, the district court applied the 10-year statutory minimum.

the entire record.[8]  Specifically, viewing the new recitation of the Count I elements within the context of the entire trial, initial instructions, jury questions, and re-charge, we conclude that the jury was adequately apprised of the burden of proof and thus no plain error was committed.

The district court provided ample instruction as to the burden of proof from start to finish during its proceedings.  It opened the trial and the initial jury charge with an unequivocal recitation of the burden of proof, which it required the jury to explicitly use "in [its] verdict."  That verdict, in turn, was to be memorialized on a verdict form that contained *both* the two-element recitation of the Count I offense *and* the special verdict question regarding the quantity of drugs.  Thus, the district court's instructions to use the beyond a reasonable doubt standard in the "verdict" were manifestly tied to the quantity determination.  Furthermore, after giving the new instruction, the district court summarized its new instructions in a single sentence which reiterated the burden of proof *and* the need to make a quantity determination.  And the district court stated that all of its previous instructions applied—which included its mention of the beyond reasonable doubt standard at

---

[8] As an initial matter, we pass no judgment as to the prudence or propriety of the district court's decision to alter the first jury charge.  We are concerned only with the question of whether the record demonstrates that the jury was sufficiently instructed to find Burke possessed at least 50 grams of methamphetamine beyond a reasonable doubt.

the beginning of trial and initial jury charge.  In full view of all these record details, the district court's re-charge was not plainly erroneous.

Arguing to the contrary, Burke cites to *United States v. Delgado-Marrero*, 744 F.3d 167 (1st Cir. 2014), where the First Circuit found plain error in a situation somewhat similar to the one here.  In *Delgado-Marrero*, the First Circuit found plain error where a trial court, following the jury's return of a guilty verdict and after indicating it was going to dismiss the jury, granted the government's request for a special verdict instruction asking the jury to determine the quantity of drugs involved but without addressing the applicable burden of proof.  744 F.3d at 186. *Delgado-Marrero* is inapposite to the situation at hand, however, because there the special verdict question was provided to the jury *after* they had already reached a verdict on the substantive counts.  *Id.* at 183–84.  The First Circuit expressly based its holding on "the timing and manner in which the question was presented," which demonstrated that "the jurors understandably may have failed to appreciate that the additional question represented something more than an inconsequential afterthought standing in the way of heading home."  *Id.* at 187.  The same cannot be said here, where the jury made its drug-quantity determination at the same time and on the same verdict form as its determination as to Count I.  Accordingly, Burke's challenge to the district court's jury instruction fails.

**AFFIRMED.**

11