# United States Court of Appeals
# for the Second Circuit

_____

August Term 2024

Argued: December 20, 2024
Decided: April 7, 2026

No. 24-1147

_____

NEYSHA CRUZ, AS PARENT AND NATURAL GUARDIAN OF O.F. AND INDIVIDUALLY,

*Plaintiff-Appellant,*

v.

DAVID C. BANKS, NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the Southern District of New York

_____

Before:      CALABRESI, PARK, and NATHAN, *Circuit Judges.*

In this appeal from a judgment of the United States District Court for the Southern District of New York, we certified a question to the New York Court of Appeals, which it has now answered. In light of that answer, the judgment is affirmed.

_____

1

RORY J. BELLANTONI, Brain Injury Rights Group, Ltd, New York, New York, *for Plaintiff*

D. ALAN ROSINUS, JR., of Counsel, MURIEL GOODE-TRUFANT, Acting Corporation Counsel of the City of New York, New York, New York, *for Defendants*

_____

PER CURIAM:

We return to this appeal from a judgment of the United State District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*). We assume the parties' familiarity with the facts and procedural history of this case, set forth in detail in our earlier decision. *Cruz v. Banks*, 134 F.4th 687 (2d Cir. 2025).

On April 15, 2025, we certified a question to the New York State Court of Appeals: "When a student is covered by more than one class size regulation under § 200.6(h)(4), do the varying restrictions serve as distinct requirements that must be independently fulfilled or as a list of class size options from which the DOE may pick?" *Id.* at 698-99. The Court of Appeals has answered, concluding that the required classroom sizes described in [8 N.Y.C.R.R.] § 200.6(h)(4) represent alternative placements, rather than stacking requirements, for students with the described levels of management needs and disabilities. *Cruz v. Banks*, --- N.E.3d --

2

-, No. 1, 2026 WL 436354, at *4 (N.Y. Ct. App. Feb. 17, 2026). In light of that decision, we affirm the judgment of the district court.

**DISCUSSION**

"[T]he role of the federal courts in reviewing state educational decisions under the IDEA is circumscribed." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2008) (citation modified). Accordingly, "a court must defer to the SRO's decision on matters requiring educational expertise unless it concludes that the decision was inadequately reasoned." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012).

Cruz argues that the June 2021 individualized education program (IEP) placed O.F. in a 12:1:4 classroom in violation of § 200.6(h)(4).

But as the Court of Appeals makes clear, "8 NYCRR 200.6(h)(4) provides alternatives." *Cruz*, 2026 WL 436354, at *5. As such, "the regulation requires a [committee on special education] to exercise its knowledge and expertise to select the listed alternative that would best serve a student's individual needs." *Id.* Accordingly, because O.F. "has both severe multiple disabilities and highly intensive management needs," *Cruz*, 134 F.4th at 694, he could properly be placed in either a 12:1:4 classroom, pursuant to § 200.6(h)(4)(iii), or a 6:1:1 classroom,

pursuant to § 200.6(h)(4)(ii)(a). His placement in the former did not violate his right to a free appropriate public education.

Cruz also argues that even if placement in a 12:1:4 classroom was lawful, the SRO improperly found that the 12:1:4 placement recommended in O.F.'s June 2021 IEP would best serve O.F.'s needs.

But the SRO reasonably concluded, in agreement with the impartial hearing officer, that placement in a 12:1:4 classroom was appropriate due to O.F.'s need for increased adult support from a variety of professionals and his lack of progress and poor school attendance over the previous year, when he had a 6:1:1 placement. We decline to disturb these findings.

In our earlier decision, we considered Cruz's other arguments and found them to be without merit. We have considered the remaining arguments and also find them to be without merit. The judgment of the district court is, therefore, AFFIRMED.