[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 12-16321
Non-Argument Calendar

————————————————

D.C. Docket No. 8:11-cr-00058-EAK-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WESLEY WILLIAM BRANDT, JR.,

Defendant-Appellant.


————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(September 24, 2014)

Before WILLIAM PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Wesley Brandt, Jr. appeals his convictions for three counts of producing child pornography, along with his total 1,080-month sentence following his guilty plea. After review of the record and the parties' briefs, we affirm.

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Mr. Brandt was indicted on 13 counts stemming from, among other things, his production, receipt, and possession of child pornography. Pursuant to a plea agreement, Mr. Brandt pled guilty to three counts of producing child pornography in violation of 18 U.S.C. § 2251(a) and (e). Under the agreement, he waived his right to raise an ineffective assistance of counsel claim, or to appeal his sentences except on the grounds that they violated his Eighth Amendment rights or exceeded his advisory guidelines range or maximum statutory penalties. In exchange, the government pledged, among other things, "to make known to the [district court] and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances." The government nevertheless reserved the right to make any recommendations it deemed appropriate to the disposition of the case.

At the plea colloquy, the magistrate judge summarized the pertinent portions of the plea agreement, and Mr. Brandt acknowledged that he understood those

2

provisions. The magistrate judge issued a report recommending that Mr. Brandt's guilty plea be accepted; Mr. Brandt filed no timely objection, and the district court accepted his guilty plea.

According to the pre-sentence investigation report, Mr. Brandt used the Internet to coerce three minor females - ranging from six to thirteen years of age - to photograph themselves in a sexually explicit manner and then send him the photographs. The report also took into account Mr. Brandt's actions with respect to four additional minor victims, including alleged sexual exploitation, and ultimately arrived at a total offense level of 43 and a criminal history category of I, yielding an advisory guidelines range of life imprisonment. Because the maximum statutory penalty for each count was 30 years' imprisonment, however, the PSI set Mr. Brandt's advisory guidelines range at 1,080 months (or 90 years). *See* U.S.S.G. § 561.2 (d).

At sentencing, Mr. Brandt sought a downward variance to 240 months' imprisonment. The government in turn requested that, consistent with his advisory guidelines range, Mr. Brandt be sentenced to 1,080 months' imprisonment. Characterizing Mr. Brandt's crimes as "absolutely horrible," and concluding that he should "never, never, never be put in a position again to do this," the district court agreed with the government's position and sentenced Mr. Brandt to three consecutive 30-year terms of imprisonment. Mr. Brandt now appeals.

## II

On appeal, Mr. Brandt challenges the voluntariness of his plea, alleging violations of Federal Rule of Criminal Procedure 11 based on the magistrate judge's failure to inform him of his right to conflict-free counsel or inquire into his defense counsel's alleged conflict of interest.[1] He also argues that the government breached the plea agreement by recommending that the maximum sentences be imposed, and contends that his 1,080-month sentences violated the Eighth Amendment's prohibition against cruel and unusual punishment.[2]

## A

Mr. Brandt first contends that his guilty plea was not knowing or voluntary because the magistrate judge did not inform him of his right to conflict-free counsel in connection with his waiver of the right to pursue an ineffective assistance of counsel claim. As a threshold matter, because Mr. Brandt failed to object to the magistrate judge's report and recommendation that his guilty plea be accepted, his claim is not reviewable on appeal. *See* Fed. R. Crim. P. 59(b)(2); *United States v. Garcia-Sandobal*, 703 F.3d 1278, 1282-83 (11th Cir. 2013).

---

[1] To the extent that Mr. Brandt also asserts an independent claim for a violation of the Sixth Amendment based on ineffective assistance of counsel, the record is not sufficient to address the claim on direct appeal. *United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012).

[2] Mr. Brandt's plea agreement included a sentence appeal waiver. As this waiver was made knowingly and voluntarily, Mr. Brandt cannot appeal his sentence on reasonableness grounds. *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). Thus, his claim that his sentences are substantively unreasonable because the district court failed to consider certain 18 U.S.C. § 3553(a) factors is not reviewable on appeal.

Even if it were reviewable, Mr. Brandt's argument would fail on the merits. Because he did not raise this claim in the district court, we review only for plain error. *See United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003). To prevail under this standard, Mr. Brandt must show (1) an error, (2) that was plain, (3) that affected his substantial rights, and (4) seriously affected the fairness of the judicial proceedings. *See Id*. at 1349. An error is not plain unless a decision from the Supreme Court or this court directly resolves the issue. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam).

Mr. Brandt has not made a showing of plain error. He relies heavily on *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980), for the proposition that "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." We have limited the applicability of *Cuyler's* so-called presumed prejudice rule, however, to conflicts of interest arising from concurrent representation of multiple defendants. *See Downs v. Sec'y, Fla. Dep't of Corrections*, 738 F.3d 240, 265 (11th Cir. 2013). Because that scenario is not before us here, Mr. Brandt cannot avail himself of a presumption of prejudice. Moreover, we have previously upheld plea agreements that include waivers of defendants' right to raise ineffective assistance of counsel at sentencing. *See Williams v. United States*, 396 F.3d

1340, 1342 (11th Cir. 2005). Because Mr. Brandt has not shown plain error, we reject his challenge to the knowing and voluntary nature of his guilty plea.[3]

## B

Mr. Brandt also contends for the first time on appeal that the government breached the plea agreement when it recommended that he receive the maximum penalty at sentencing and - in so doing - undercut his request for a downward variance. We disagree.

We generally review *de novo* the question of whether the government breached a plea agreement. *See United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). Where a defendant fails to object to an alleged breach before the district court, however, such a claim is reviewed only for plain error. *See United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). In analyzing a claim that the government breached a plea agreement, we must determine the scope of the government's promises. *See Copeland*, 381 F.3d at 1105. When considering the meaning of any disputed terms in an agreement, we apply an objective standard to determine whether the government's actions were inconsistent with what the defendant reasonably understood when he pled guilty. *See Id.*

---

[3] Mr. Brandt's reliance on Florida Bar Ethics Opinion AO 12-1, which states that "a criminal defense lawyer has a personal conflict of interest when advising a client regarding waiving the right to later collateral proceedings regarding ineffective assistance of counsel," does not change this result. Florida Bar ethics opinions do not abrogate our binding precedent and are merely advisory.

The government did not breach the plea agreement by recommending that the district court impose the maximum allowable sentences.  The government complied with the terms of the agreement by informing the district court of Mr. Brandt's cooperation and acceptance of responsibility, and Mr. Brandt identifies no mitigating factors that the government neglected to bring to the district court's attention.  The agreement did not require the government to recommend a particular sentence or to stand silent on the issue of sentencing; rather, it reserved the government's right to recommend any disposition it deemed appropriate within Mr. Brandt's advisory guidelines range.  Mr. Brandt has failed to establish that the government's actions amounted to a breach of the plea agreement.  Accordingly, there was no error, plain or otherwise.

## C

Mr. Brandt likewise maintains that the 1,080-month prison sentences that the district court imposed amount to cruel and unusual punishment in violation of his Eighth Amendment rights.  We are not persuaded.

We typically review Eighth Amendment challenges *de novo*.  *See United States v. Flanders*, 752 F.3d 1317, 1342 (11th Cir. 2014).  Because Mr. Brandt did not object to his sentences on this ground in the district court, however, we review for plain error.  *See Id.*  In evaluating an Eighth Amendment challenge in a non-capital case, a defendant must make a threshold showing that the sentence imposed

is grossly disproportionate to the offense committed. *See United States v. Johnson,* 451 F.3d 1239, 1243 (11th Cir. 2006). In general, a defendant whose sentence falls within the limits imposed by statute cannot make the threshold showing of gross disproportionality. *See Id.* If the defendant establishes that the sentence is grossly disproportionate, we compare the defendant's sentence to the sentences imposed on others convicted of similar offenses. *See Id.* We have "never found a term of imprisonment to violate the Eighth Amendment, and outside the special category of juvenile offenders the Supreme Court has found only one to do so." *United States v. Farley*, 607 F.3d 1294, 1343 (11th Cir. 2010).

Mr. Brandt has failed to make a threshold showing that his sentences are grossly disproportionate to his crimes. The sentences fall within the limits imposed by statute, suggesting that they did not run afoul of the Eighth Amendment. *See Moriarty*, 429 F.3d at 1024 ("In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.") (citation and quotation marks omitted). Although Mr. Brandt points out that he had no physical contact with his victims, this fact cannot serve to minimize - much less neutralize - the devastating psychological impact that his offenses left in their wake, as exemplified by the poignant statements of one of his teenage victims and the victims' families at sentencing. *See Farley*, 607 F.3d at 1345 ("[T]he sexual abuse of children, and the use of the Internet to

8

facilitate that abuse, are serious problems affecting the health and welfare of the nation."). Accordingly, the district court's sentences are not grossly disproportionate to Mr. Brandt's offenses, and no plain error has been shown.

## III

The district court's convictions and sentences are affirmed.

**AFFIRMED.**