[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11047
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cr-00056-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE ELDRED BLACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 13, 2017)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jamie Eldred Black appeals his convictions for interstate travel in aid of

racketeering enterprises, in violation of 18 U.S.C. § 1952(a)(3).  Black argues: (1)

for the first time, that the district court did not comply with Fed. R. Crim. P. 11 and

that his guilty plea was not knowing and voluntary due to his mental health at the time of the change-of-plea hearing; and (2) that his counsel was ineffective for allowing him to enter a plea that was not knowing and voluntary or supported by the facts, for failing to object to his two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), for failing to object to his consecutively imposed sentences, and for failing to file a sentencing memorandum.  After careful review, we affirm.

First, we are not persuaded by Black's claim that the district court plainly erred at his change-of-plea hearing.  If a defendant does not object to the plea proceedings, nor move to withdraw the plea, we review the district court's compliance with Rule 11 for plain error.  United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996), abrogated on other grounds by United States v. Vonn, 535 U.S. 55 (2002).  To show plain error, a defendant must establish that: (1) there was error; (2) that was plain; and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If all three conditions are met, we may exercise our discretion to notice the error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.  "An error is plain if it is obvious and clear under current law."  United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006).  A defendant who seeks reversal of his conviction after a guilty plea, claiming the district court committed plain error under Rule 11, must show a reasonable probability that, absent the error, he would

2

not have pleaded guilty. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

Under Rule 11, a district court must address a defendant personally in open court and inform him of, and ensure that he understands the nature of the charge to which the plea is offered and the potential consequences of that plea. United States v. Lewis, 115 F.3d 1531, 1535 (11th Cir. 1997). To determine whether a guilty plea is knowing and voluntary, a court accepting a guilty plea must comply with Rule 11 by ensuring that: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the direct consequences of his plea. United States v. Jones, 143 F.3d 1417, 1418-19 (11th Cir. 1998). We review the whole record to determine whether these concerns were satisfied. United States v. Moriarty, 429 F.3d 1012, 1020 n.4 (11th Cir. 2005). There is a strong presumption that statements made during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Under Rule 11, before a court can accept a guilty plea, it must inform the defendant of: (1) the right to plead not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel at every stage of the proceedings; (4) the right to confront and cross-examine adverse witnesses; (5) the right to testify and compel the attendance of witnesses; (6) the right against compelled self-incrimination; (7) the nature of each charge to which the defendant is pleading guilty; (8) the

3

maximum and minimum penalties possible by law, including fines, supervised release, and special assessments; (9) the possibility of restitution and any applicable forfeiture; and (10) the court's obligation to calculate the guideline range and consider any possible departures under the Sentencing Guidelines. See Fed. R. Crim. P. 11(b)(1)(B)-(E), (G)-(M). The district court must also explain that a guilty plea waives the defendant's trial rights. Fed. R. Crim. P. 11(b)(1)(F).

Before entering a judgment on a guilty plea, the district court must first "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." United States v. Frye, 402 F.3d 1123, 1128 (11th Cir. 2005) (quotations omitted).

Here, the district court did not plainly err in complying with Rule 11 and ensuring that Black's guilty plea was knowing and voluntary. As the record shows, the district court advised Black at the outset of the change-of-plea hearing of the rights he would be waiving. To the extent Black argues that the district court was required to re-advise him of the rights he would be waiving following the recess in which he agreed to a different plea deal, there is no binding precedent requiring the district court to do so. Therefore, any alleged error could not be plain. See Eckhardt, 466 F.3d at 948.

4

Moreover, the district court did not err, plainly or otherwise, in ensuring that a factual basis for the plea existed. The government recited from a plea agreement in which Black agreed he had traveled from South Carolina to Georgia on two separate occasions where he purchased methamphetamine and then returned to South Carolina with the drugs. See Frye, 402 F.3d at 1128. While Black now claims he was unaware that he was being held responsible for more than 157 grams of "ice," Black admitted at the plea hearing that he agreed with the government's factual statement that he was responsible for "219.1 grams of d-methamphetamine hydrochloride with 96.7% purity, aka, 210.9 grams of 'ice.'" We presume that statements made during a plea colloquy are true. See Medlock, 12 F.3d at 187.

It is also clear from our review of the record that the plea colloquy satisfied the three core concerns of Rule 11. See Monroe, 353 F.3d at 1354; Jones, 143 F.3d at 1418-19. As for the first concern, the district court confirmed with Black that he was pleading guilty of his own free will and no one had forced, scared, or tricked him into pleading guilty. After the government amended the superseding information, the district court again confirmed with Black that no one had made any other promises or assurances of any kind to get Black to plead guilty. As for the second concern, the district court confirmed that Black had gone over the amended superseding information, understood what was contained in the information, had a full opportunity to review the new plea agreement, understood

5

the terms of the plea agreement, and understood and agreed with the facts as outlined by the government.  And, as for the third concern, the district court advised Black that, by pleading guilty, he was waiving his right to plead not guilty to any offense charged against him, his right to a jury trial, his right to be presumed innocent at trial, his right to have the government prove his guilt beyond a reasonable doubt, his right to not testify at trial, his right to an attorney at every stage of the case, his right to cross-examine all witnesses who testified against him, his right to present evidence and compel the attendance of witnesses by subpoena, and his right to appeal any guilty verdict.

Next, we are unconvinced by Black's assertion that he did not have a full understanding of the nature of the charges or the consequences of his plea.  Rather, the record shows that Black was examined by a psychiatrist who concluded that Black was not suffering from a mental disease or defect and was able to understand the nature and consequences of the proceedings against him and his testimony during the plea colloquy.  Black's testimony during the plea colloquy further indicated that he understood the proceedings.  Black testified that, although he had a history of Tourette syndrome and drug abuse, it did not affect his ability to understand the proceedings.  In addition, Black asked several questions throughout the proceedings that indicated he had a full understanding of what he was pleading to and the consequences of his plea, including objecting to the date of the offense

6

as contained in the first superseding information and asking whether he would be awarded an acceptance of responsibility reduction or a downward departure during sentencing.  On this record, we cannot say that the district court plainly erred in ensuring that Black's guilty plea was knowing and voluntary.

Finally, we deny relief on Black's claims that his counsel was ineffective. When reviewing an ineffective assistance of counsel claim on direct appeal, we do so de novo.  United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003) (noting that ineffective assistance of counsel claims are a mixed question of law and fact).

To sustain a claim for ineffective assistance of counsel, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Counsel's performance is deficient only if it falls below an objective standard of reasonableness under prevailing professional norms.  Id. at 688. Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  To establish prejudice in the context of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  If the defendant makes an insufficient showing on one prong, we need not address the other prong.  Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"[I]t is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim." United States v. Franklin, 694 F.3d 1, 8 (11th Cir. 2012) (quotation omitted). The preferred means for deciding an ineffectiveness claim is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance. United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010). However, if the record is sufficiently developed, we will consider this kind of claim on direct appeal. Id.

Under the Sentencing Guidelines, a defendant's offense level increases by two levels if a dangerous weapon was possessed. U.S.S.G. § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), cmt. n.11(A). To justify a firearm enhancement, the government must establish by a preponderance of the evidence either that: (1) the firearm was present at the site of the charged conduct, or (2) the defendant possessed a firearm during conduct associated with the offense of conviction. United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006). If the government meets its burden, then the burden shifts to the defendant to show that a connection between the weapon and the offense was clearly improbable. Id.

8

Under the Guidelines, "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G § 5G1.2(d).  We have interpreted § 5G1.2(d) of the Sentencing Guidelines as calling for multiple sentences to be served consecutively if the sentence called for by the Guidelines is longer than the sentence authorized for any individual count of conviction.  See United States v. Pressley, 345 F.3d 1205, 1213 (11th Cir. 2003) (interpreting § 5G1.2(d) under the then-mandatory Sentencing Guidelines); see also United States v. Sarras, 575 F.3d 1191, 1209 n.22 (11th Cir. 2009) (concluding that, under the advisory Sentencing Guidelines, the district court is still required to properly calculate the guidelines range pursuant to § 5G1.2(d)).

Here, the record is not sufficiently developed for us to consider whether Black's counsel was ineffective for allowing Black to enter into a guilty plea. Although Black and his counsel briefly testified at the sentencing hearing about Black's allegations against his counsel, his counsel did not testify about what he'd advised Black during the recesses of the change-of-plea hearing.  Further, the district court did not hold a formal evidentiary hearing on this issue, or make any findings about his counsel's representation.  Thus, the brief statements by Black and his counsel did not sufficiently develop the record for this claim.

9

Similarly, the record is not sufficiently developed for us to consider whether Black's counsel was ineffective for failing to file a sentencing memorandum addressing the § 3553(a) factors. Because there is no testimony from Black's counsel about why he made the decision not to file a sentencing memorandum addressing the § 3553(a) factors, we can only speculate about counsel's motives.

Nor is the record sufficiently developed to address Black's claim that his counsel was ineffective for failing to object to his two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). See id. According to the undisputed facts of the presentence investigation report ("PSI") , a BB gun was discovered under the seat that Black occupied in the truck that also contained marijuana and methamphetamine. The BB gun was discovered on April 11, 2014, during an offense that was not charged in the amended superseding information, and Black objected during his plea colloquy that he did not know his co-defendant was trafficking drugs on April 11, 2014. Accordingly, it is not clear that the April 11, 2014, conduct was part of the same course of conduct as his counts of conviction, and that an objection by his counsel to the two-level enhancement would have been without merit. Moreover, there is no testimony in the record as to why counsel failed to raise this objection. Therefore, this claim would be better resolved through a § 2255 motion. See Patterson, 595 F.3d at 1328.

10

Nevertheless, the record is sufficiently developed to address Black's claim that his counsel was ineffective for failing to object that his sentences should not run consecutively under § 5G1.2.  See Franklin, 694 F.3d at 8.  As the record reveals, the district court determined that Black's guideline range sentence was 108 to 135 months.  Because Black's guideline range sentence was longer than the 60-month sentence authorized for one individual count of conviction, § 5G1.2 called for consecutive sentences as to Counts 1 and 2.  See Pressley, 345 F.3d at 1213.  Accordingly, Black was not prejudiced by his counsel's failure to argue that the counts should run concurrently, pursuant to § 5G1.2, and we reject this particular ineffectiveness claim.  See Strickland, 466 U.S. at 688.

**AFFIRMED**.